IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-cv-0137-FL

| | | |
|---|---|---|
| 360 VIRTUAL DRONE SERVICES LLC and MICHAEL JONES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ANDREW L. RITTER, in his official capacity as Executive Director of the North Carolina Board of Examiners for Engineers and Surveyors; and JOHN M. LOGSDON, JONATHAN S. CARE, DENNIS K. HOYLE, RICHARD M. BENTON, CARL M. ELLINGTON, JR, CEDRIC D. FAIRBANKS, BRENDA L. MOORE, CAROL SALLOUM, and ANDREW G. ZOUTWELLE, in their official capacities as members of the North Carolina Board of Examiners for Engineers and Surveyors, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS' ANSWER** |
| Defendants. | ) ) | |

NOW COME Defendants, by and through undersigned counsel, and answering in their official capacities on behalf of the North Carolina Board of Examiners for Engineers and Surveyors (the "Board"), respond to the allegations in Plaintiffs' Complaint as follows:

## **INTRODUCTION**

1.     The allegation regarding the nature of the lawsuit calls for a legal conclusion or contains an averment to which no response is required.  With respect

to the activities of Michael Jones's business in 2017, Defendants admit that 360 Virtual Drone Services, LLC offered services of "Surveying & Mapping" and, at one time, advertised the ability to provide land measurements. It is further admitted that 360 Virtual Drone Services, LLC held itself out as providing "Professional Aerial Data." It is further admitted, upon information and belief, that 360 Virtual Drone Services, LLC offered to provide services by using drones and software technology including, but not limited to, the Drone Deploy application. It is further admitted, upon information and belief, that 360 Virtual Drone Services, LLC offered to provide mapping in the form of digital images by using the Drone Deploy application. Defendants lack sufficient information to admit or deny the remaining allegations involving Michael Jones's business, and therefore, those allegations are denied. As to the allegation involving "[s]imilar small businesses" nationwide, Defendants lack sufficient information to admit or deny, and therefore, those allegations are denied. It is denied that any businesses have been targeted by the Defendants. With respect to how "most people would understand" the profession of land surveying, Defendants lack sufficient information to admit or deny, and therefore, those allegations are denied. It is denied that the Board takes any action not authorized by the Chapter 89C, Engineering and Land Surveying (the "Act"). With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. The remaining allegations call for a legal conclusion or contain averments to which no response is required. Except as expressly admitted, the allegations in paragraph 1 are denied.

2.     It is admitted that at its meeting on December 19, 2018, the Board authorized an investigation to determine if 360 Virtual Drone Services, LLC is in violation of the Act for practicing or offering to practice land surveying in North Carolina without a license.  It is further admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 2 are denied.

3.     It is admitted that Board has issued letters to other companies regarding the charge of practicing, or offering to practice, land surveying in North Carolina without a license.   Except as expressly admitted, the allegations in paragraph 3 are denied.

## JURISDICTION AND VENUE

4.     The allegations of this paragraph regarding the type of claims, or the legal authority cited, calls for a legal conclusion or contain averments to which no response is required.

5.     The allegations of this paragraph call for a legal conclusion or contain averments to which no response is required.

6.     The allegations of this paragraph call for a legal conclusion or contain averments to which no response is required.

7.     The allegations of this paragraph call for a legal conclusion or contain averments to which no response is required.

## PARTIES

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted that Andrew L. Ritter is the Executive Director of the North Carolina Board of Examiners for Engineers and Surveyors. It is further admitted that the Board has certain powers as set forth in N.C.G.S. § 89C-10. It is further admitted that the Andrew L. Ritter is named as a defendant in his official capacity only. Except as expressly admitted, the allegations in paragraph 10 are denied.

11. Admitted.

## FACTUAL ALLEGATIONS

## I. Michael Jones's Drone Photography Business

### A. Commercial drone use

12. It is admitted that the use of drones is defined, in part, as an aircraft that is operated without the possibility of human intervention from within or on the aircraft. Except as expressly admitted, the allegations in paragraph 12 are denied.

13. It is admitted that drones, along with software technology, are used, in part, for commercial purposes. Except as expressly admitted, the allegations in paragraph 13 are denied.

14. It is admitted that drones, combined with the use of software technology, may be used to capture digital images for mapping, measuring area, distance and volume. Except as expressly admitted, the allegations in paragraph 14 are denied.

15. It is admitted that drones, combined with the use of software technology, may be used to capture digital images for mapping, measuring area, distance and

volume.  Defendants lack sufficient information to admit or deny the vague allegation "for many different purposes," and therefore, those allegations are denied.  Except as expressly admitted, the allegations in paragraph 15 are denied.

16.     It is admitted that drones, combined with the use of software technology, may be used to collect aerial data.  The data collected may used for mapping, surveying and photogrammetry; stating accuracy; providing location and dimension data; and producing orthosmosaic maps, quantities, and topographic information.  Except as expressly admitted, the allegations in paragraph 16 are denied.

17.     It is admitted that drones, combined with the use of software technology, may be used to collect aerial data, including Metadata.  As to the "for example" allegations, Defendants lack sufficient information to admit or deny, and therefore, those allegations are denied.  Except as expressly admitted, the allegations in paragraph 17 are denied.

18.     It is admitted that drones, combined with the use of software technology, may be used to capture digital images for mapping, measuring area, distance and volume.  As to the "[f]or example" allegations, Defendants lack sufficient information to admit or deny, and therefore, those allegations are denied.  Except as expressly admitted, the allegations in paragraph 18 are denied.

19.     It is admitted that drones, combined with the use of software technology, may be used to capture digital images for mapping, measuring area, distance and volume.  Except as expressly admitted, the allegations in paragraph 19 are denied.

20.     It is admitted that drones, combined with the use of software technology, may be used to capture digital images for mapping, measuring area, distance and volume.   As to the commercial uses identified in paragraph 20, Defendants lack sufficient information to admit or deny, and therefore, those allegations are denied. Except as expressly admitted, the allegations in paragraph 20 are denied.

21.     It is admitted that drones, combined with the use of software technology, may be used to capture digital images for mapping, measuring area, distance and volume.   Except as expressly admitted, the allegations in paragraph 21 are denied.

**B.     Michael Jones's business**

22.     Defendants lack sufficient information to admit or deny the allegations in paragraph 22, and therefore, those allegations are denied.

23.     It is admitted that a certificate was issued by the Federal Aviation Administration to Michael Rudolph Jones on January 18, 2017 for REMOTE PILOT. As to the remaining allegations in paragraph 23, Defendants lack sufficient information to admit or deny, and therefore, those allegations are denied.

24.     It is admitted that in 2018, 360 Virtual Drone Services LLC offered services of "Surveying & Mapping" and, at one time, advertised the ability to provide land measurements.   It is further admitted that 360 Virtual Drone Services, LLC held itself out as providing "Professional Aerial Data."   Finally, it is admitted, upon information and belief, that 360 Virtual Drone Services, LLC offered to provide services by using drones, combined with software technology including, but not

limited to, the Drone Deploy application, to commercial clients. Except as expressly admitted, the allegations in paragraph 24 are denied.

25.    Defendants lack sufficient information to admit or deny the allegations in paragraph 25, and therefore, those allegations are denied.

26.    Defendants lack sufficient information to admit or deny the allegations in paragraph 26, and therefore, those allegations are denied.

27.    Defendants lack sufficient information to admit or deny the allegations in paragraph 27, and therefore, those allegations are denied.

28.    Defendants lack sufficient information to admit or deny the allegations in paragraph 28, and therefore, those allegations are denied.

29.    Admitted.

30.    Admitted.

31.    Denied.

32.    Defendants lack sufficient information to admit or deny the allegations as specifically worded in paragraph 32, and therefore, those allegations are denied.

33.    It is admitted that the Board issued a letter dated December 19, 2018, notifying Michael Jones and 360 Virtual Drone Services, LLC that the Board authorized an investigation to determine if 360 Virtual Drone Services, LLC is in violation of the Act for practicing or offering to practice land surveying in North Carolina without a license. Except as expressly admitted, the allegations in paragraph 33 are denied.

## II.    Regulation of Land Surveying in North Carolina

34.    Admitted.

35.    With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.   The remaining allegations call for a legal conclusion or contain averments to which no response is required.   Except as expressly admitted, the allegations in paragraph 35 are denied.

36.    The allegations of paragraph 36 call for a legal conclusion or contain averments to which no response is required.   To the extent a response is required, Defendants admit the Act was promulgated by the North Carolina legislature, the terms of which are the sole and best evidence of its contents.   Except as expressly admitted, the allegations in paragraph 36 are denied.

37.    The allegations of paragraph 37 call for a legal conclusion or contain averments to which no response is required.   To the extent a response is required, Defendants admit the Act was promulgated by the North Carolina legislature, the terms of which are the sole and best evidence of its contents.   Except as expressly admitted, the allegations in paragraph 37 are denied.

38.    The allegations of paragraph 38 call for a legal conclusion or contain averments to which no response is required.   To the extent a response is required, Defendants admit the Act was promulgated by the North Carolina legislature, the terms of which are the sole and best evidence of its contents.   Except as expressly admitted, the allegations in paragraph 38 are denied.

39.     The allegations of paragraph 39 call for a legal conclusion or contain averments to which no response is required.  To the extent a response is required, Defendants admit the Act was promulgated by the North Carolina legislature, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 39 are denied.

40.     The allegations of paragraph 40 call for a legal conclusion or contain averments to which no response is required.  To the extent a response is required, Defendants admit the Act was promulgated by the North Carolina legislature, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 40 are denied.

41.     The allegations of paragraph 41 call for a legal conclusion or contain averments to which no response is required.  To the extent a response is required, Defendants admit the Act was promulgated by the North Carolina legislature, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed.  Except as expressly admitted, the allegations in paragraph 41 are denied.

42.     It is admitted that Board has issued letters to other companies regarding the charge of practicing, or offering to practice, land surveying in North Carolina without a license, the terms of which are the sole and best evidence of their contents.  Except as expressly admitted, the allegations in paragraph 42 are denied.

43.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 43 are denied.

44.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 44 are denied.

45.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 45 are denied.

46.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 46 are denied.

47.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of

its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 47 are denied.

48. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 48 are denied.

49. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. Except as expressly admitted, the allegations in paragraph 49 are denied.

50. It is admitted that Board has issued letters to other companies regarding the charge of practicing, or offering to practice, land surveying in North Carolina without a license, the terms of which are the sole and best evidence of their contents. Except as expressly admitted, the allegations in paragraph 50 are denied.

51. Defendants lack sufficient information to admit or deny the allegations in paragraph 51, have not been able to locate any document or documents that contain the quoted language in the allegations, and therefore, the allegations in paragraph 51 are denied.

52. Denied.

53. Denied.

54.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 54 are denied.

55.     Defendants lack sufficient information to admit or deny the allegations in paragraph 55, and therefore, those allegations are denied.

56.     Defendants lack sufficient information to admit or deny the allegations in paragraph 56, and therefore, those allegations are denied.

57.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 57 are denied.

58.     Defendants lack sufficient information to admit or deny the allegations in paragraph 58, and therefore, those allegations are denied.

59.     Defendants lack sufficient information to admit or deny the allegations in paragraph 59, and therefore, those allegations are denied.

## III.    The Board Investigates Michael's Business

60.     Admitted.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     It is admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 65 are denied.

66.     Admitted.

67.     It is admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 67 are denied.

68.     It is admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 68 are denied.

69.     It is admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 69 are denied.

70.     It is admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 70 are denied.

71.     It is admitted that the Board issued a letter dated June 13, 2019, identified as Exhibit 1 to the Complaint, the terms of which are the sole and best evidence of its contents.  Except as expressly admitted, the allegations in paragraph 71 are denied.

## IV.     Injury to Plaintiffs

72.     It is admitted that in 2018, 360 Virtual Drone Services LLC offered services of "Surveying & Mapping" and, at one time, advertised the ability to provide land measurements.  It is further admitted that 360 Virtual Drone Services, LLC held itself out as providing "Professional Aerial Data."  Finally, it is admitted, upon information and belief, that 360 Virtual Drone Services, LLC offered to provide services by using drones, combined with software technology including, but not limited to, the Drone Deploy application, to commercial clients.  Except as expressly admitted, the allegations in paragraph 72 are denied.

73.     Defendants lack sufficient information to admit or deny the allegations in paragraph 73, and therefore, those allegations are denied.

74.     Defendants lack sufficient information to admit or deny the allegations in paragraph 74, and therefore, those allegations are denied.

75.     Defendants lack sufficient information to admit or deny the allegations in paragraph 75, and therefore, those allegations are denied.

76.     Defendants lack sufficient information to admit or deny the allegations in paragraph 76, and therefore, those allegations are denied.

77. Defendants lack sufficient information to admit or deny the allegations in paragraph 77, and therefore, those allegations are denied.

78. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 78 are denied.

79. Defendants lack sufficient information to admit or deny the allegations in paragraph 79, and therefore, those allegations are denied.

80. Defendants lack sufficient information to admit or deny the allegations in paragraph 80, and therefore, those allegations are denied.

81. Defendants lack sufficient information to admit or deny the allegations in paragraph 81 that specifically reference paragraph 77, and therefore, those allegations are denied. With respect to the practice of land surveying, the scope of such a practice is set the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 81 are denied.

82. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone

operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 82 are denied.

83.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 83 are denied.

84.     Defendants lack sufficient information to admit or deny the allegations in paragraph 84, and therefore, those allegations are denied.

85.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 85 are denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 89 are denied.

90.     Defendants lack sufficient information to admit or deny the allegations in paragraph 90 that specifically reference paragraph 77, and therefore, those allegations are denied.  With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed.  Except as expressly admitted, the allegations in paragraph 90 are denied.

## CAUSE OF ACTION

### (First Amendment's Speech Clause)

91.     Answered as above.

92.     With respect to the First Amendment of the United States Constitution, the Constitution speaks for itself.  The remaining allegations call for a legal conclusion or contain averments to which no response is required.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     With respect to the language of the statutes cited in paragraph 98, the terms of each statute speak for themselves.  The remaining allegations of paragraph 98 are denied.

99.     With respect to the language of the statutes cited in paragraph 99, the terms of each statute speak for themselves.  The remaining allegations of paragraph 99 are denied.

100.    With respect to the language of the statutes cited in paragraph 100, the terms of each statute speak for themselves.  The remaining allegations of paragraph 100 are denied.

101.    With respect to the language of the statutes cited in paragraph 101, the terms of each statute speak for themselves.  The remaining allegations of paragraph 101 are denied.

102.    With respect to the language of the statutes cited in paragraph 102, the terms of each statute speak for themselves.  With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents.  It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed.  Except as expressly admitted, the allegations in paragraph 102 are denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 109 are denied.

110. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 110 are denied.

111. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 111 are denied.

112. With respect to the practice of land surveying, the scope of such a practice is set forth in the Act, the terms of which are the sole and best evidence of its contents. It is further admitted that the Board takes the position that drone operators who practice land surveying, as defined by the Act, must be licensed. Except as expressly admitted, the allegations in paragraph 112 are denied.

113. Denied.

114. Denied.

<u>DENIAL OF ANY REMAINING ALLEGATIONS AND DENIAL OF ANY RELIEF</u>

The headings identified in the Complaint are not allegations or averments to which a response is required. Any allegations in the Complaint not specifically admitted above are denied. It is expressly denied that Plaintiffs are entitled to any recovery whatsoever in this action.

## FIRST AFFIRMATIVE DEFENSE

To the extent the Complaint seeks relief other than declaratory or prospective injunctive relief, the Defendants are immune from liability.

## SECOND AFFIRMATIVE DEFENSE

The licensing requirements for land surveyors found in Chapter 89C, Engineering and Land Surveying, North Carolina General Statutes, regulate only non-expressive professional conduct, not speech.

## THIRD AFFIRMATIVE DEFENSE

States have broad power to establish standards for licensing practitioners and regulating the practice of professions, including the profession of land surveying. States may regulate professional conduct even though that conduct incidentally involves speech. At all times, the Board was operating within its statutory duties as set forth in Chapter 89C, the Engineering and Land Surveying Act.

## FOURTH AFFIRMATIVE DEFENSE

The North Carolina Legislature designated the practice of land surveying as a profession in 1921. *See* Chapter 89C, the Engineering and Land Surveying Act (the "Act"). This is a "practice act." The Act provides that "[i]n order to safeguard life,

health, and property, and to promote the public welfare, the practice of engineering and the practice of land surveying in this State are hereby declared to be subject to regulation in the public interest." *See* N.C.G.S. § 89C-2.  Only persons duly licensed by the Board are authorized to practice land surveying or offer to practice land surveying as defined in the Act or to hold themselves out as a land surveyor.  *See* N.C.G.S. § 89C-23.  The Act establishes a North Carolina Board of Examiners for Engineers and Surveyors to administer the provisions of the Act.  *See* N.C.G.S. § 89C-4.  The Board may adopt rules for the proper performance of its duties under the Act.  *See* N.C.G.S. § 89C-10(a).  At all times, the Board was operating within its statutory duties as set forth in Chapter 89C, the Engineering and Land Surveying Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff Michael Jones lacks standing.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to identify all necessary and proper parties.  By way of example, the Complaint does not specifically name the Board as a defendant but instead identifies each current board member in their respective official capacity.  The lawsuit also names the Executive Director, who is not a member of the Board pursuant to N.C.G.S. § 89C-9, in his official capacity only.  The Board is the proper party in lieu of the individual members in their official capacity and in lieu of the Executive Director in his official capacity.

## NON-WAIVER

Defendants do not waive, but expressly reserve, such other defenses to the Complaint as may be disclosed by further investigation and discovery.

WHEREFORE, Defendants pray unto the Court as follows:

1. That judgment be entered denying the relief requested by Plaintiffs;

2. That the costs of this action, including reasonable attorneys' fees as allowed by law, be taxed against Plaintiffs;

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of May, 2021.

GRAEBE HANNA & SULLIVAN, PLLC

/s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225
M. Todd Sullivan, NCSB #24554
4350 Lassiter at North Hills Ave., Suite 375
Raleigh, NC 27609
Telephone: (919) 863-9091
Facsimile: (919) 424-6409
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing DEFENDANTS' ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David G. Guidry, Mainsail Lawyers, dguidry@mainsaillawyers.com

Samuel B. Gedge, Institute for Justice, sgedge@ij.org

James T. Knight II, Institute for Justice, jknight@ij.org

This the 14th day of May, 2021.

/s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225