IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-cv-0137-FL

| | |
|---|---|
| 360 VIRTUAL DRONE SERVICES LLC and MICHAEL JONES, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW L. RITTER, in his official capacity as Executive Director of the North Carolina Board of Examiners for Engineers and Surveyors; and JOHN M. LOGSDON, JONATHAN S. CARE, DENNIS K. HOYLE, RICHARD M. BENTON, CARL M. ELLINGTON, JR, CEDRIC D. FAIRBANKS, BRENDA L. MOORE, CAROL SALLOUM, and ANDREW G. ZOUTWELLE, in their official capacities as members of the North Carolina Board of Examiners for Engineers and Surveyors, <br><br> Defendants. | **LR 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** |

NOW COMES Defendants, through counsel, and provides the following statement of undisputed material facts.

1. North Carolina regulates land surveying through it Engineering and Land Surveying Act. [ECF Doc. 1, Complaint at ¶ 34; N.C.G.S. §§ 89C-1, *et seq.*].

2. The Act establishes a State Board of Examiners for Engineers and Surveyors (the "Board") to administer the provisions of the Act. [N.C.G.S. § 89C-4; Ritter Affidavit ¶ 3 (Appendix Exhibit 1)].

3. The Legislature designated the practice of Land Surveying as a profession. [N.C.G.S. § 89C-3(7)(a); Ritter Affidavit ¶ 4].

4. "Land surveying encompasses a number of disciplines including geodetic surveying, hydrographic surveying, cadastral surveying, engineering surveying, route surveying, photogrammetric (aerial) surveying, and topographic surveying." [N.C.G.S. § 89C-13(b); Ritter Affidavit ¶ 5].

5. "The Act prohibits any person from practicing or offering to practice land surveying in North Carolina without first being licensed by the Board." [ECF Doc. 1 at ¶ 36; N.C.G.S. §§ 89C-2 and 89C-23; Ritter Affidavit ¶ 6].

6. The alleged unlawful practice by an unlicensed person shall be subject to Board investigation. [21 NCAC 56 .1302; Ritter Affidavit ¶ 7].

7. Plaintiff Michael Jones incorporated 360 Virtual Drone Services, LLC ("Virtual Drone") in October 2017. [Rule 30(b)(6) Deposition of Virtual Drone ("Virtual Drone Depo") p. 25 (Appendix Exhibit 2)].

8. Virtual Drone is wholly owned by Michael Jones. [ECF Doc. 1 at ¶ 8].

9. Michael Jones does not individually offer any services or transact any business under his name. [Michael Jones Depo p. 48 (Appendix Exhibit 3)].

10. Between 2017 and 2021, Virtual Drone has provided drone photography-related services, including videography and photography for commercial and real-estate marketing and weddings. [Virtual Drone Depo p. 27].

11. Virtual Drone uses a drone and a camera to perform its services. [Virtual Drone Depo p. 87].

12. Between October 2017 and June 2019, Virtual Drone provided drone-related photography and videography services to clients. [Virtual Drone Depo p. 41].

13. Michael Jones received no formal instruction regarding photography. [Michael Jones Depo p. 29].

14. Michael Jones received no formal instruction regarding the use of drones. [Michael Jones Depo. P. 29].

15. Michael Jones has no experience in the field of photogrammetry. [Virtual Drone Depo p. 13].

16. Virtual Drone has never provided photogrammetry services to paying customers. [Virtual Drone Depo p. 12].

17. Michael Jones is not a licensed land surveyor in North Carolina or anywhere else. [ECF Doc. 1 at ¶ 29].

18. Virtual Drone is not licensed as a land surveying business in North Carolina or anywhere else. [ECF Doc. 1 at ¶ 30; Michael Jones Depo p. 143]. Michael Jones does not want to be a licensed land surveyor. [Michael Jones Depo p. 143].

19. In early 2019, the Board mailed Michael Jones and Virtual Drone a notice that the Board "had initiated an investigation concerning charges that 360 Virtual Drone Services, LLC is practicing or offering to practice surveying without a license as required by F.S. 89C." [ECF Doc. 1 at ¶ 60; Ritter Affidavit ¶ 8].

20. Prior to receiving notice from the Board, Virtual Drone advertised that it offered "surveying" and "mapping" services. [Michael Jones Depo. pp. 56 and 66; Ritter Affidavit ¶ 9].

21. Michael Jones told the Board that Virtual Drone offered orthomosiac maps or measurable maps. [Michael Jones Depo p. 67; Ritter Affidavit ¶ 10].

22. Prior to June 2019, Virtual Drone never provided measurable maps to clients. [Virtual Drone Depo p. 41].

23. Prior to June 2019, Virtual Drone was never hired to provide an orthomosaic map. [Virtual Drone Depo pp. 51-52].

24. Prior to June 2019, Virtual Drone was never hired to provide maps with location data. [Virtual Drone Depo p. 41; Michael Jones Depo p. 108].

25. Prior to June 2019, Virtual Drone was never hired to provide maps with coordinates. [Michael Jones Depo p. 108].

26. Prior to June 2019, Virtual Drone was never hired to provide maps with elevation data. [Virtual Drone Depo p. 42; Michael Jones Depo p. 108].

27. Prior to June 2019, Virtual Drone was never hired to provide maps with volume data. [Virtual Drone Depo p. 42; Michael Jones Depo p. 108].

28. Virtual Drone was never hired by a client to do measurements. [Michael Jones Depo p. 114].

29. Prior to June 2019, Virtual Drone was never hired to provide a 3D model. [Virtual Drone Depo. p. 50; Michael Jones Depo p. 116].

30. Prior to June 2019, Virtual Drone "didn't get far enough in the learning process" to produce a 3D model. [Virtual Drone Depo p. 50]. Michael Jones has no experience or training in 3D modeling. [Michael Jones Depo p. 191].

31. The Board mailed Michael Jones a letter dated June 13, 2019 that, after conducting an investigation, "the Board's Review Committee has determined that there is sufficient evidence to support the charge that 360 Virtual Drone Services, LLC is practicing, or offering to practice, surveying in North Carolina, as defined in G.S. 89C-3(6) without being licensed with this Board." [ECF Doc. 1 at ¶ 67; Exhibit 1; Ritter Affidavit ¶ 11].

32. Plaintiffs were placed on notice that practicing, or offering to practice, land surveying in North Carolina without being licensed with the Board is a violation of the Act. [ECF Doc. 1 at ¶ 68; Exhibit 1; Ritter Affidavit ¶ 12].

33. The following notice was provided to Plaintiff Jones in Exhibit 1 [ECF Doc. 1-1]:

> You are hereby notified that the opinion expressed herein is not a final legal determination. An occupational licensing board does not have the authority to order discontinuance of current practices. Only a court may determine that the law has been violated or is being violated and, if appropriate, impose a remedy or penalty for the violation. Further, pursuant to G.S. 150B-4, and per Board Rule 21 NCAC 56 .1205, you may have the right, prior to initiation of any court action by the occupational licensing board, to request a declaratory ruling regarding whether your particular conduct is lawful.

34. At no time has the Board initiated any enforcement proceedings against Plaintiffs Michael Jones and 360 Virtual Drone. [Ritter Affidavit ¶ 13].

35. Plaintiffs did not seek a declaratory ruling from the Board for any of the services identified in Paragraph 77 of the Complaint. [Plaintiff's Response to Request for Admission No. 2 (Appendix Exhibit 4)].

36. In 2019, Plaintiff Virtual Drone created one PDF image of an orthomosaic map for marketing purposes, but no client hired him to perform this service. [Virtual Drone Depo. pp. 23, 29, 35 and 45].

37. A PDF copy of an orthomosaic map does not provide clients the ability to perform calculations or measurements on volume or distance. [Michael Jones Depo pp. 181 and 185].

38. Plaintiffs have no intent to offer clients any type of mapping other than a PDF copy of the orthomosaic map. [Michael Jones Depo p. 159].

39. After receiving the June 2019 notice from the Board, Plaintiff Virtual Drone continued to provide aerial images to clients. [Virtual Drone Depo pp. 52 63].

40. After receiving the June 2019 notice from the Board, Plaintiff Virtual Drone continued to provide aerial videography to clients. [Virtual Drone pp. 52 and 63-64].

41. As part of the lawsuit, Plaintiffs are not trying to provide data to allow clients the ability to perform calculations for location, size, shape, and physical features of the earth. [Michael Jones Depo p. 159].

42. All photographs taken by Plaintiffs, whether for weddings, real estate marketing or some other purpose, all have the same date in the digital image. [Virtual Drone Depo p. 69].

43. Following receipt of the June 2019 notice from the Board, Plaintiff Virtual Drone stopped providing aerial images of land that included approximate boundary lines for marketing purposes. [Virtual Drone Depo p. 53].

44. It is the position of the Board that taking aerial photographs for the purpose of producing a PDF picture without measurable information is not the practice of land surveying. As such, the Board disavows any intent to initiate enforcement proceedings against Plaintiffs based on the act of producing a PDF image of a map that does not contain measurable information. [Ritter Affidavit ¶ 15].

45. The Board actively updates and publishes policies to include or exclude activities that fall within, or outside, the definition of the practice of land surveying. A copy of the inclusion/exclusion list is attached hereto as Exhibit A. [Ritter Affidavit ¶ 16].

46. It is the position of the Board that the act of producing an aerial photograph that includes lines indicating the approximate position of property lines for marketing purposes is not the practice of land surveying. As such, the Board disavows any intent to initiate enforcement proceedings against Plaintiff based on the act of producing an aerial photograph that includes lines indicating the approximate position of property lines for marketing purposes. [Ritter Affidavit ¶ 17].

47. The definition of land surveying includes photogrammetry. [N.C.G.S. § 89C-13(b); Ritter Affidavit ¶ 5].

48. Photogrammetry is the art, science, and technology of obtaining reliable information about physical objects and the environment through processes of recording, measuring, and interpreting photographic images and patterns of recorded radiant electromagnetic energy and other phenomena. Photogrammetry is primarily

concerned with making precise measurements of three-dimensional (3D) objects and terrain features from two-dimensional (2D) photographs. Applications include the measuring of coordinates; the quantification of distances, heights, areas, and volumes; the preparation of topographic maps; and the generation of digital elevation models and orthophotographs. [Defendants' Disclosure of Expert Testimony at p. 2 (Appendix Exhibit 6)].

49. Land Surveying is regulated in North Carolina "in order to safeguard life, health, and property, and to promote the public welfare" and is "subject to regulation in the public interest." [N.C.G.S. § 89C-2; Rule 30(b)(6) Deposition of the Board at p. 10 (Appendix Exhibit 5); Defendants' Disclosure of Expert Testimony at p. 14].

50. The regulation and licensing of land surveying in North Carolina works to establish a minimum level of competence (education, exam, and experience) and the Act works to protect the public from negligence, incompetence, and professional misconduct in the profession of land surveying. [Defendants' Disclosure of Expert Testimony at p. 14; Rule 30(b)(6) Deposition of the Board at pp. 10-11].

51. Errors in land surveying could have significant adverse consequences on the public, including the client who hired the surveyor and who relies on the accuracy of the work product. [Defendants' Disclosure of Expert Testimony at p. 14; Alex Abate Deposition at pp. 57-58 and 65-66 (Appendix Exhibit 7)].

Respectfully submitted this the 25th day of March, 2022.

                         FITZGERALD HANNA & SULLIVAN, PLLC

                         /s/ Douglas W. Hanna
                         Douglas W. Hanna, NCSB #18225
                         3737 Glenwood Avenue, Suite 375
                         Raleigh, NC 27612
                         Telephone: (919) 863-9091
                         Facsimile: (919) 424-6409
                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **LR 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David G. Guidry, Mainsail Lawyers, dguidry@mainsaillawyers.com

Samuel B. Gedge, Institute for Justice, sgedge@ij.org

James T. Knight II, Institute for Justice, jknight@ij.org

This the 25th day of March, 2022.

    /s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225