IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-cv-0137-FL

| | |
|---|---|
| 360 VIRTUAL DRONE SERVICES LLC and MICHAEL JONES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ANDREW L. RITTER, in his official capacity as Executive Director of the North Carolina Board of Examiners for Engineers and Surveyors; and JOHN M. LOGSDON, JONATHAN S. CARE, DENNIS K. HOYLE, RICHARD M. BENTON, CARL M. ELLINGTON, JR, CEDRIC D. FAIRBANKS, BRENDA L. MOORE, CAROL SALLOUM, and ANDREW G. ZOUTWELLE, in their official capacities as members of the North Carolina Board of Examiners for Engineers and Surveyors, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' LR 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

NOW COMES Defendants, through counsel, and provides the following Response to Plaintiffs' LR 56.1 Statement of Undisputed Material Facts:

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Not disputed.

6. Not disputed as to Michael Jones. However, Plaintiff 360 Virtual Drone Services, LLC ("Virtual Drone") was not organized until October 2017. [Rule 30(b)(6) Deposition of Virtual Drone ("Virtual Drone Depo") p. 25 (Appendix Exhibit 2)].

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Not disputed.

15. Not disputed.

16. Not disputed.

17. Not disputed, the referenced letter speaks for itself.

18. Disputed. The Board does not issue "cease and desist letters" to individuals or companies suspected of practicing land surveying without a license. The Board did issue various letters to individuals and companies placing them on notice that practicing, or offering to practice, land surveying in North Carolina without being licensed with the Board is a violation of the Act. However, the Board does not have the jurisdiction over non-licensees.

19. Disputed as to the characterization of a "cease and desist letter." Otherwise, not disputed as the referenced letter speaks for itself.

20. Disputed as to the characterization of a "cease and desist letter." Otherwise, not disputed as the referenced letter speaks for itself.

21. Not disputed, the referenced email speaks for itself.

22. Not disputed.

23. Not disputed.

24. Not disputed.

25. Not disputed.

26. Not disputed.

27. Not disputed.

28. Disputed. The Board investigator denied ever making the alleged statement set forth in paragraph 28.

29. Disputed. The Board investigator denied ever making the alleged statement set forth in paragraph 29.

30. Disputed. The Board investigator denied ever making the alleged statement set forth in paragraph 30.

31. Not disputed.

32. Not disputed.

33. Not disputed.

34. Not disputed.

35. Not disputed, the referenced letter speaks for itself.

36. Not disputed.

37. Not disputed.

38. Disputed. The Board does not issue "cease and desist letters" to individuals or companies suspected of practicing land surveying without a license or enforce laws against non-licensees. The Board did issue various letters to individuals and companies placing them on notice that practicing, or offering to practice, land surveying in North Carolina without being licensed with the Board is a violation of the Act. However, the Board does not have the jurisdiction over non-licensees.

39. Not disputed.

40. Not disputed, the expert report speaks for itself.

41. Not disputed, the referenced deposition testimony speaks for itself.

42. Not disputed, the referenced deposition testimony speaks for itself.

43. Not disputed, the referenced deposition testimony speaks for itself.

44. Not disputed, the referenced deposition testimony speaks for itself.

45. Not disputed, the referenced deposition testimony speaks for itself.

46. Not disputed.

47. Not disputed, the referenced deposition testimony speaks for itself.

48. Not disputed, the expert report speaks for itself.

49. Not disputed, the referenced deposition testimony speaks for itself.

50. Not disputed, the referenced deposition testimony speaks for itself.

51. Not disputed, the referenced deposition testimony speaks for itself.

52. Not disputed.

53. Not disputed, the referenced deposition testimony speaks for itself.

54. Not disputed, the expert report speaks for itself.

55. Not disputed.

56. Not disputed, the referenced deposition testimony speaks for itself.

57. Disputed as to limiting the governmental interests to those identified in paragraph 57. Land Surveying is regulated in North Carolina "in order to safeguard life, health, and property, and to promote the public welfare" and is "subject to regulation in the public interest." [N.C.G.S. § 89C-2; Rule 30(b)(6) Deposition of the Board at p. 10 (Appendix Exhibit 5); Defendants' Disclosure of Expert Testimony at p. 14]. The regulation and licensing of land surveying in North Carolina works to establish a minimum level of competence (education, exam, and experience) and the Act works to protect the public from negligence, incompetence, and professional misconduct in the profession of land surveying. [Defendants' Disclosure of Expert Testimony at p. 14; Rule 30(b)(6) Deposition of the Board at pp. 10-11]. The Act also protects the public from misrepresentations as to professional status or expertise. Additionally, the Act provides a system of accountability, providing the Board with the ability to hold licensees accountable for incompetence or unethical work. [Defendants' Disclosure of Expert Testimony p. 14].

58. Not disputed.

59. Not disputed.

60. Not disputed.

61. Not disputed.

62. Disputed. Errors in land surveying could have significant adverse consequences on the public, including the client who hired the surveyor and who

relies on the accuracy of the work product. [Defendants' Disclosure of Expert Testimony at p. 14; Alex Abate Deposition at pp. 57-58 and 65-66 (Appendix Exhibit 7)]. Errors in land surveying would include mapping and modeling as set forth in the definition of the practice of land surveying.

63. Not disputed.

64. Not disputed.

65. Not disputed, the referenced deposition testimony speaks for itself.

66. Not disputed, the referenced deposition testimony speaks for itself.

67. Not disputed.

68. Not disputed.

69. Not disputed.

70. Not disputed, the referenced deposition testimony speaks for itself.

71. Not disputed, the referenced deposition testimony speaks for itself.

72. Not disputed, the referenced deposition testimony speaks for itself.

73. Not disputed, the referenced deposition testimony speaks for itself.

74. Not disputed, the referenced deposition testimony speaks for itself.

Respectfully submitted this the 28th day of April, 2022.

FITZGERALD HANNA & SULLIVAN, PLLC

/s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225
3737 Glenwood Avenue, Suite 375
Raleigh, NC 27612
Telephone: (919) 863-9091
Facsimile: (919) 424-6409
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' LR 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David G. Guidry, Mainsail Lawyers, dguidry@mainsaillawyers.com

Samuel B. Gedge, Institute for Justice, sgedge@ij.org

James T. Knight II, Institute for Justice, jknight@ij.org

This the 28th day of April, 2022.

                                            /s/ Douglas W. Hanna
                                            Douglas W. Hanna, NCSB #18225